IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FRANKLIN LYNCH,

      Plaintiff,

  v.

JERRY BROWN, et al.,

      Defendants.

No. C 13-05629 DMR (PR)

**ORDER DIRECTING CLERK OF THE COURT TO RECLASSIFY CASE AS HABEAS ACTION; TO TRANSFER $5.00 FILING FEE FROM CASE NO. C 14-0048 WHA (PR); AND TO TERMINATE ACTION**

      This action was opened on December 5, 2013, when the Court received from Plaintiff a civil rights complaint form and an *in forma pauperis* ("IFP") application. (Docket Nos. 1, 2.) He also consented to magistrate judge jurisdiction. (Docket No. 3.)

      Thereafter, Plaintiff submitted another pleading on the Court's habeas corpus petition form, which he meant to file in this action. (Docket No. 5.) However, he did not include the above-referenced case number; therefore, the Clerk of the Court opened a new habeas action before the Honorable William H. Alsup. *See* Case No. C 14-0048 WHA (PR). Plaintiff then wrote a letter in the instant action indicating that he intended the aforementioned habeas petition to be filed in his earlier-filed case -- Case No. C 13-5629 DMR (PR). (Docket No. 4.) In an Order dated February 6, 2014, Judge Alsup determined that the new habeas action was opened in error, dismissed it with no filing fee due, and closed the file. (Docket No. 3 in Case No. C 14-0048 WHA (PR).) The Clerk then filed the habeas petition in the instant action as his "Amended Petition." After Judge Alsup issued his Order of Dismissal, Plaintiff paid a $5.00 filing fee in Case No. C 14-0048 WHA (PR).[1]

      Before the Court is Plaintiff's notice of voluntary dismissal in the instant action. (Docket No. 6.) As a preliminary matter, the Court notes that although Plaintiff initially submitted his claims on a civil rights form, it is apparent that he intended to file a petition for a writ of habeas corpus

---

[1] The Court notes that Plaintiff filed a motion to reopen in his other case. (Docket No. 5 in Case No. C 14-0048 WHA (PR).) However, Plaintiff later filed a notice of voluntary dismissal in that case as well. (Docket No. 8 in Case No. C 14-0048 WHA (PR).) Therefore, in an Order dated March 31, 2014, Judge Alsup denied the motion to reopen as moot "in light of Petitioner's subsequent motion for voluntary dismissal." (Docket No. 9 in Case No. C 14-0048 WHA (PR).)

1  because he later filed an Amended Petition. Accordingly, the Clerk shall reclassify this case on the
2  docket as a habeas action, as directed below. The filing fee will be $5.00, and the Clerk is directed
3  to transfer the $5.00 filing fee paid in Plaintiff's other action, Case No. C 14-0048 WHA (PR), to
4  this action.

5  Pursuant to the notice of voluntary dismissal of this action filed by Plaintiff on March 20,
6  2014, this action is terminated. *See* Fed. R. Civ. P. 41(a)(1)(A)(i) ("[A]n action may be dismissed by
7  the plaintiff without order of the court . . . by filing a notice of dismissal."); *Hamilton v. Shearson-*
8  *Lehman Am. Exp. Inc.*, 813 F.2d 1532, 1534-1536 (9th Cir. 1987) (Rule 41(a)(1)(A)(i) does not
9  require leave of court to dismiss the action). The dismissal is without prejudice. *See* Fed. R. Civ. P.
10 41(a)(1)(B) (unless plaintiff's notice of dismissal states otherwise, it is deemed to be "without
11 prejudice"); *Humphreys v. United States*, 272 F.2d 411, 412 (9th Cir. 1959).

## CONCLUSION

13 For the reasons stated above, the Court orders as follows:

14 1. The Clerk shall reclassify this case on the docket as a habeas action with a $5.00 fee.

15 2. Plaintiff paid the $5.00 filing fee in Case No. C 14-0048 WHA (PR). *See* Receipt
16 No. 34611093764. (Docket No. 6 in Case No. C 14-0048 WHA (PR).) That fee was accepted
17 erroneously because Judge Alsup indicated that no filing fee was due in that action. (Docket No. 3
18 in Case No. C 14-0048 WHA (PR).) The Clerk shall transfer the $5.00 paid filing fee from Case No.
19 C 14-0048 WHA (PR) to the instant action. Therefore, Plaintiff's motion to proceed IFP is DENIED
20 as unnecessary. (Docket No. 5.)

21 3. This habeas action is DISMISSED without prejudice pursuant to Plaintiff's March 20,
22 2014 notice of voluntary dismissal.

23 4. The Clerk is directed to enter judgment and close the case.

24 5. This Order terminates Docket No. 5.

25 IT IS SO ORDERED.

26
Dated: April 9, 2014

27 DONNA M. RYU
United States Magistrate Judge

United States District Court
For the Northern District of California